The Supreme Court reversed the decision of the Common Pleas on May 5th, 1870, in the following opinion per;
Agnew J.
We think the Court below erred in setting aside the report in this case without ordering a new view. The effect was to leave the petitioner without a remedy. But it is said that the Court did this on the ground that the petitioner had no title to the locus in quo: to which effect are some of the exceptions, and therelore he was entitled to no damages. If this be true then this was an error, for the supplement to the act of incorporation *238 passed May 7th, 1864, P. L. 896, changing the mode of assessing damages, expressly confines the exceptions' to irregularities in the appointment, proceedings, or report of the viewers, or on account of any overestimate or underestimate of damages assessed by them.
. There were no exceptions falling within this provision, except the 4th and 5th; the 4th was that the damages were excessive, and implied that the petitioner was entitled to recover some damages, but not so much as allowed. The 5th asserts that the damages were consequential only. But this is contradicted by the petition for land actually appropriated, and by the report which allows $100 of the damages for 856 81-100 square feet of land, which the viewers find as the quantity of two strips of land ■taken from the said petitioner, and occupied by the said railroad company. The remainder of the damages only, allowed for depreciation, is all that could be supposed to be consequential under any circumstances.
It is very obvious, therefore, without looking into the opinion, that the Court must have decided the case on the question of title, and this clearly could not be done in the state of the proceedings as they then stood.
The defendants had filed no plea, answer, or motion, objecting to the title set out in the petition, while the Court had refused leave to answer nunc pro tunc. The question of title -was, therefore, according to Church v. Railroad Company, 9 W right, 339, not before the Court. The title was set forth in the petition, the order to view issued, and the report was made accordingly, while the law permits exceptions to them only on the ground of irregularity and of damages. The petition and order to view submitted no question of title to. the viewers. It is obvious, therefore, that on the face of the record there was no exception on which the Court could set aside the entire report, without making an order that would enable the petitioner to proceed to a new assesment.
The order and decree of the Common Pleas setting aside the report is therefore, reversed, and it is ordered that the reportAnd exception thereto be restored, and the record remitted to the Court below, with a procendendo to hear and determine upon the exceptions according to law.